## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Edwin N. Dennis<br>      <u>Debtor(s)</u> | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY<br>      <u>Movant</u><br>      vs. | NO. 19-10671 ELF |
| Edwin N. Dennis<br>      <u>Debtor(s)</u> | |
| Kenneth E. West Esq.<br>      <u>Trustee</u> | 11 U.S.C. Section 362 |

## <u>STIPULATION</u>

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is

**$5,263.98,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2021 at $701.68/month<br>December 2021 through April 2022 at $704.86/month |
| Fees & Costs Relating to Motion: | $1,038.00 |
| **Total Post-Petition Arrears** | **$5,263.98** |

2.      The Debtor(s) shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended

Chapter 13 Plan to include the post-petition arrears of **$5,263.98.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-

petition arrears of **$5,263.98** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or

Supplemental Proof of Claim.

3.      Beginning with the payment due May 1, 2022 and continuing thereafter, Debtor shall pay to

Movant the present regular monthly mortgage payment of $704.86 (or as adjusted pursuant to the terms of

the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of

the month).

4.      Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5.      In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

8.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9.      The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10.     The parties agree that a facsimile signature shall be considered an original signature.


Date:    April 15, 2022                      **/s/ Rebecca A. Solarz, Esquire**
                                             Rebecca A. Solarz, Esquire
                                             Attorney for Movant


Date: _4/19/2022_____          _____
                                             Sharon S. Masters, Esq.
                                             Attorney for Debtor(s)



       April 21, 2022
Date:_____              _/s/LeRoy W. Etheridge, Esquire for,*_
                                             Kenneth E. West Esq.
                                             Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2022.  However, the court retains
discretion regarding entry of any further order.



                                             _____
                                             Bankruptcy Judge
                                             Eric L. Frank



*No objection to its terms, without prejudice to any of our rights and remedies*